REBECCA MOORE

*v.*

ROBERT DICK *et al.*

*Filed at Mt. Vernon June 13, 1890.*

1.  DOWER—*allotment—upon what part of the premises—as, to abut upon a public road—right of election by the widow.*  Where there is no dwelling house on the premises in which dower is sought to be assigned, the commissioners assigning dower to the widow are not required by law to consult her wishes.  They are only required to make a fair division, according to quality and quantity.

2.  The statute does not require the commissioners to allot dower in such manner that the widow's allotment shall abut upon a highway. The failure to allot the dower on a highway is no ground for setting aside the commissioners' report, when it appears they have acted fairly, and have complied with the law and the order of the court.

APPEAL from the Circuit Court of Perry county; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. JOHN BOYD, for the appellant.

Mr. BENJAMIN W. POPE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition brought by Rebecca Moore, formerly wife of James M. Morgan, against Robert Dick and John Lindsay, for an assignment of dower in the east half of the southwest quarter of section 26, town 5 south, range 1, west of the

third principal meridian, in Perry county, Illinois. It appears from the petition, that during coverture James M. Morgan owned the land; that in the month of September, 1848, petitioner obtained a divorce from Morgan on the ground of adultery; that in 1887 Morgan died. It also appears from the allegations of the petition, that Robert Dick owns the south half of said eighty acres of land, and John Lindsay owns the north half. The defendants to the petition failed to appear and answer, and a decree *pro confesso* was entered. The court, upon hearing the evidence, rendered a decree in favor of petitioner, and appointed three commissioners to assign and set off dower in the premises. The commissioners were sworn, as required by law, and after being sworn they went upon the premises and allotted and set off to the petitioner thirteen and one-third acres off the south end of the north half of the eighty-acre tract, and thirteen and one-third acres off the north end of the south half of the eighty. The commissioners reported the value of each forty to be $1600, and the value of the land assigned as dower to be $1066.66. Upon the coming in of the report of the commissioners the petitioner filed objections to its confirmation, and the court, upon hearing the evidence bearing on the exceptions, overruled all of them, and confirmed the report of the commissioners. To reverse the judgment of the circuit court the petitioner appealed.

The first objection urged against the report of the commissioners assigning dower is, that the wishes of the petitioner were not consulted by the commissioners, nor did they obtain her assent to the allotment. Section 35 of our Dower act provides that the commissioners shall go upon the premises, and if the same be susceptible of division without manifest prejudice to the parties in interest, shall set off and allot to the person entitled thereto, dower, by metes and bounds, according to quality and quantity. So far as appears, this was done by the commissioners. It is not claimed that they were guilty of misconduct, fraud or partiality, but merely that they

did not consult the wishes of the petitioner. We do not think the statute imposed that obligation upon them. Section 37 provides that the surviving husband or wife shall have the homestead or dwelling house, if he or she desires. Under this section, if there was a dwelling house on the premises, it might be that the petitioner might have been entitled to an election; but the evidence shows that there was no dwelling house on the premises, and under such circumstances the commissioners were under no obligation to consult the wishes of the petitioner. They were only required to make a fair division, according to quality and quantity. The widow had not resided on the premises for over forty years, and no question of homestead was involved, and as there was no dwelling house on the premises, as said before, no obligation rested on the commissioners to consult the petitioner in making the allotment of dower.

It is also claimed that the report was erroneous because the premises set off to petitioner do not lie upon a highway, and that she has no means of ingress or egress except over other lands. A sufficient answer to this position is, that the statute does not require the commissioners to allot dower in such a manner that a petitioner will have the lands assigned on a highway; but if it did, the evidence heard by the court shows that there is a public road along the east line of the eighty-acre tract, which will afford petitioner ample opportunity to reach her lands. Whether the road was legally laid out or not does not appear, but the evidence shows the road has been open and traveled as a public highway for years.

Some other objections were urged to the report, but they are not of a character to merit a discussion. The commissioners, in making the allotment, acted fairly, and, so far as is shown by the record, complied with the order of the court and the statute, and the court did right in approving the report.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*